UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| FLORIDA COMMUNITY BANK, N.A., AS ) <br> SUCCESSOR IN INTEREST BY MERGER ) <br> OF GREAT FLORIDA BANK ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SHLOMO BENTOV a/k/a SHLOMO BEN TOV, ) <br> a/k/a SAM GOODSON, AURELIA BEN TOV, his wife, ) <br> JACQUELINE CALDERIN as Bankruptcy Trustee ) <br> under Bankruptcy case # 13-36143-RAM, ) <br> BERENFELD, SPRITZER SCHECHTER & SHEER, LLP ) <br> LUIS M. PADRON & ASSOCIATES, P.A., ) <br> CHRISTY L. HERTZ, P.A., ROSENTHAL, ROSENTHAL, ) <br> RASCO, KAPLAN, LLC, DEBORAH S. CHAMES, ) <br> ELENA BEN TOV, MAJESTIC CATERERS, INC., a ) <br> Florida Corporation, PLATINUM GOLD ) <br> ENTERTAINMENT, INC., a Florida Corporation, ) <br> H.J.J., INC., a Florida corporation, ) <br> dba ME PRODUCTIONS, RUBEN D. VALERA, ) <br> THE UNITED STATES OF AMERICA, VILLAGE OF ) <br> PALMETTO BAY, FLORIDA, JOHN DOE TENANT, ) <br> JANE DOE TENANT, and any and all other persons ) <br> Claiming any interest, by, through, under or against said, ) <br> Defendant(s) ) <br> HOWARD ALTERNATIVES, INC.,           . ) <br> SD AROMA, LLC, ) <br> ) <br>        Crossclaim/Counterclaim/Third-Party Defendants. ) <br> _____) | Case No: <br> 1:14-CV- 21483-UU |

**UNITED STATES' ANSWER WITH COUNTERCLAIM/CROSS CLAIM AND
THIRD PARTY COMPLAINT FOR ENFORCEMENT OF LIENS**

The United States of America, for its answer to Plaintiff's complaint, states as follows:

1

1. The United States admits the allegations contained in paragraph 1.

2. The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2.

3. The United States admits the allegations contained in paragraph 3.

4. The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4.

5. The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5.

6. The United States admits the real property encumbered by the mortgage is owned by Shlomo Bentov but lacks sufficient knowledge or information to form a belief as to all other allegations in paragraph 6.

7. The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7.

8. The United States admits the allegations contained in paragraph 8.

9. The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9.

10. The United States admits that defendant Jacqueline Calderin as Bankruptcy Trustee under Bankruptcy Case # 13-36143-RAM may claim an interest in the subject property but lacks sufficient knowledge or information to admit or deny all other allegations in paragraph 10.

11. The United States admits that defendant Berenfeld Spritzer Schecter & Sheer, LLP may claim an interest in the subject property but lacks sufficient knowledge or information to admit or deny all other allegations in paragraph 11.

12. The United States admits that defendant Luis M. Padron & Associates, P.A. may claim an interest in the subject property but lacks sufficient knowledge or information to admit or deny all other allegations in paragraph 12.

13. The United States admits that defendant Christy L. Hertz P.A. may claim an interest in the subject property but lacks sufficient knowledge or information to admit or deny all other allegations in paragraph 13.

14. The United States admits that defendant Rosenthal, Rosenthal, Rasco, Kaplan, LLC may claim an interest in the subject property but lacks sufficient knowledge or information to admit or deny all other allegations in paragraph 14.

15. The United States admits that defendant Deborah S. Chames may claim an interest in the subject property but lacks sufficient knowledge or information to admit or deny all other allegations in paragraph 15.

16. The United States admits that defendant Elena Ben Tov may claim an interest in the subject property but lacks sufficient knowledge or information to admit or deny all other allegations in paragraph 16.

17. The United States admits that defendant Majestic Caterers, Inc. may claim an interest in the subject property but lacks sufficient knowledge or information to admit or deny all other allegations in paragraph 17.

18. The United States admits that defendant Platinum Gold Entertainment Inc. may claim an interest in the subject property but lacks sufficient knowledge or information to admit or deny all other allegations in paragraph 18.

19. The United States admits that defendant H.J.J., Inc. may claim an interest in the subject property but lacks sufficient knowledge or information to admit or deny all other allegations in paragraph 19.

20. The United States admits that defendant Ruben D. Valera may claim an interest in the subject property but lacks sufficient knowledge or information to admit or deny all other allegations in paragraph 20.

21. The United States admits the allegations contained in paragraph 21 of the complaint except that the total debt stated therein does not include interest and other statutory additions that continue to accrue.

22. The United States admits that defendant Village of Palmetto Bay, Florida may claim an interest in the subject property but lacks sufficient knowledge or information to admit or deny all other allegations in paragraph 21.

23. The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23.

24. The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24.

25. The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25.

26. The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26.

WHEREFORE, the Court should determine that the United States has a valid federal tax lien against Shlomo Bentov's interest in the subject property that will attach to the proceeds from its sale in the same order of priority as its lien against Plaintiff's real property.

### UNITED STATES' COUNTERCLAIM/CROSSCLAIM AND THIRD PARTY COMPLAINT FOR ENFORCEMENT OF LIENS

1. The United States of America brings this crossclaim/counterclaim/third party complaint to foreclose upon the federal tax lien filed against Shlomo Bentov a/k/a/ Sam Goodson a/k/a Shlomo Ben-Tov as the alter-ego of Virginia Carolina Corporation ("VCC").

2. This action is authorized and sanctioned by the Chief Counsel, Department of the Treasury, Alcohol, Tobacco Tax and Trade Bureau ("TTB"), a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States, in accordance with the provisions of 26 U.S.C. §§ 7401, 7403.

### VENUE AND JURISDICTION

3. Jurisdiction over this action is conferred upon this Court pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7403.

4. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1396, because the real property on which the United States seeks to foreclose (the "Subject Property") is located in this judicial district.

### THE PARTIES

5. Counterclaim Defendant Florida Community Bank, N.A. as Successor in Interest by Merger of Great Florida Bank is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because it claims or may claim an interest in the Subject Property.

6. Crossclaim Defendant Shlomo Bentov is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because he claims or may claim an interest in the Subject Property.

7. Crossclaim Defendant Aurelia Bentov is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because she claims or may claim an interest in the Subject Property.

8. Crossclaim Defendant Jacqueline Calderin as Bankruptcy Trustee under Bankruptcy Case # 13-36143-RAM is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because she claims or may claim an interest in the Subject Property.

9. Crossclaim Defendant Berenfeld Spritzer Schecter & Sheer, LLP, is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because it claims or may claim an interest in the Subject Property.

10. Crossclaim Defendant Luis M. Padron & Associates, P.A. is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because it claims or may claim an interest in the Subject Property.

11. Crossclaim Defendant Christy L. Hertz, P.A., is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because it claims or may claim an interest in the Subject Property.

12. Crossclaim Defendant Rosenthal, Rosenthal, Rasco, Kaplan, LLC is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because it claims or may claim an interest in the Subject Property.

13.     Crossclaim Defendant Deborah S. Chames is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because she claims or may claim an interest in the Subject Property.

14.     Crossclaim Defendant Elena Bentov is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because she claims or may claim an interest in the Subject Property.

15.     Crossclaim Defendant Majestic Caterers, Inc., is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because it claims or may claim an interest in the Subject Property.

16.     Crossclaim Defendant Platinum Gold Entertainment, Inc., is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because it claims or may claim an interest in the Subject Property.

17.     Crossclaim Defendant H.J.J., Inc., dbe ME Productions, is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because it claims or may claim an interest in the Subject Property.

18.     Crossclaim Defendant Ruben D. Valera is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because he claims or may claim an interest in the Subject Property.

19.     Crossclaim Defendant Village of Palmetto Bay, Florida is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because it claims or may claim an interest in the Subject Property.

20.     Crossclaim Defendant John Doe Tenant is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because he claims or may claim an interest in the Subject Property.

21.     Crossclaim Defendant Jane Doe Tenant is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because she claims or may claim an interest in the Subject Property.

22.     Third-Party Defendant Howard Alternatives, Inc., is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because it claims or may claim an interest in the Subject Property.

23.     Third-Party Defendant SD Aroma LLC, is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because it claims or may claim an interest in the Subject Property.

## THE SUBJECT PROPERTY

24.     The Subject Property is located at 14200 Farmer Road, Palmetto Bay, Florida 33158 and is described more particularly as follows:

> Lot 10 in Block 5 of Farmer's Acres, according to the Plat thereof, as recorded in Plat Book 50 at Page 65 of the Public Records of Miami-Dade County, Florida.

25.     Crossclaim Defendant Shlomo Bentov and his former wife, Crossclaim Defendant Elena Bentov acquired the Subject Property from DLJ Mortgage Capital, Inc. by Special Warranty Deed on September 10, 2002.  The deed was recorded with the Clerk of Court of Miami-Dade County on September 26, 2002 at Bk. 2068 Pg. 2676.

26.     On or about August 25, 2006, Crossclaim Defendants Shlomo Bentov and Elena Bentov granted a mortgage on the Subject Property to Counterclaim Defendant Great Florida Bank as collateral for a line of credit not to exceed $2,000,000.00.  The mortgage was recorded with the Clerk of Court of Miami-Dade County on September 10, 2006 at Bk. 24892, Pgs. 1306-1312.

27. On or about July 7, 2008, Crossclaim Defendants Shlomo Bentov and Elena Bentov granted a mortgage on the Subject Property in the amount of $124,241.25 to Crossclaim Defendants Berenfeld Spritzer Schecter & Sheer, LLP, Luis M. Padron & Associates, P.A. and Christy L. Hertz, P.A.  The mortgage was recorded with the Clerk of Court of Miami-Dade County on July 14, 2008 at Bk. 26477, Pgs. 0384-0390.

28. On or about March 1, 2013, Crossclaim Defendant Shlomo Bento purported to give an interest in the Subject Property to Crossclaim Defendant Aurelia Bentov via a Quitclaim Deed that was recorded with the Clerk of Court of Miami-Dade County on March 14, 2013 at Bk. 28513, Pg. 3917.

29. Aurelia Bentov paid little or no consideration to acquire an interest in the Subject Property, and the transfer by Quitclaim Deed was made without the exchange of reasonably equivalent value and at a time when Crossclaim Defendant Shlomo Bentov was insolvent.  The transfer to Aurelia Bentov was therefore fraudulent under Fla. Stat. Ann. §§ 726.101, 726.105(1)(b)(2) and 726.106, and can be set aside.

## THE ALTER-EGO FEDERAL TAX LIEN

30. VCC is a South Carolina corporation registered to do business in Florida.  VCC is a wholly owned subsidiary of Boss Holdings, LLC.  In addition, to VCC, Boss Holdings is the corporate parent of Boss Marks, LLC, Boss Tobacco International, LLC, Boss Equipment, LLC, VCC Holdings, LLC and VCC Holdings and Management, LLC.  Shlomo Bentov owns all of the shares of Boss Holdings, LLC.  As the 100 percent shareholder of Boss Holdings, LLC, Shlomo Bentov indirectly controls its subsidiaries, including VCC.

31.     VCC obtained a permit (Permit No. TP-FL-15029) to manufacturer and sell tobacco products in Florida effective September 18, 2009.  VCC manufactured and sold tobacco products from its factory located at 7575 NW 70th Street, Miami, Florida.  Prior to operating in Florida, VCC sold tobacco products in South Carolina under permits TP-SC-1 and TP-SC-15001.

32.     From October 2010 through February 2013, VCC incurred federal excise taxes, penalties and interest on tobacco products it manufactured and removed from its Miami factory.  After VCC failed to pay its federal excise taxes, a delegate of the Secretary of the Treasury of the United States assessed over $6.5 million dollars in tax penalties and interest against VCC as set forth in the worksheet attached to the Notice of Federal Tax Lien included as Exhibit A to this counterclaim.  As a result of this failure, TTB revoked VCC's Florida permit in August 2013.

33.     Despite notice and demand for payment, VCC has not paid the federal excise taxes described in paragraph 32 above.  As a result, a federal tax lien arose on the dates of assessments of those taxes pursuant to 26 U.S.C. §§ 6321-6322 and attached to all of VCC's property and rights to property.

34.     On or about August 22, 2013, a delegate of the Secretary of the Treasury filed a Notice of Federal Tax Lien against VCC with the Clerk of Miami Dade-County.  (See Exhibit A).  As of September 30, 2013, VCC owes over $6,558,671.33, plus interest that continues to accrue until full payment.

35.     As alleged in more detail below, Crossclaim Defendant Shlomo Bentov is the alter-ego of VCC.  As such, his property is subject to the tax liens against VCC.

36. Shlomo Bentov is the indirect owner and president of VCC.  Shlomo Bentov is listed as a 100 percent shareholder of VCC on VCC's 2011 corporate tax return filed with the Internal Revenue Service and as an 85 percent shareholder of VCC on a Collection Information Statement submitted to TTB on or about February 12, 2013.  Shlomo Bentov is also listed as the President of VCC in documents provided in support of VCC's TTB permit application and an assignment by VCC to Michael Phelan recorded in Miami-Dade County on July 19, 2013 at Bk. 08732 Pg. 1891.

37. Shlomo Bentov is the owner of several related companies of VCC, including but not limited to, VCC's parent company Boss Holdings, LLC and Boss Holdings, LLC's direct and indirect subsidiaries, Boss Marks, LLC, Boss Tobacco International, LLC, Boss Equipment, LLC, VCC Holdings, LLC and VCC Holdings and Management, LLC.  The aforementioned related companies operated out of VCC's Miami factory and office using the same group of employees as VCC.  None of the aforementioned related companies have, or at any time had, a TTB permit.

38. Shlomo Bentov dominated and controlled the operations of VCC including but not limited to personnel, manufacturing, sales and marketing.  Shlomo Bentov exercised complete control over VCC's finances and made all final decisions regarding VCC.  Shlomo Bentov also dominated and controlled the operations of the related companies described in paragraph 37 above.

39. Shlomo Bentov disregarded the corporate formalities of VCC and the related companies described in paragraph 37 above such that their corporate identifies were one and the same.  VCC customers were provided with invoices for tobacco products and

11

instructed to remit payment from VCC operations to the related companies, including Boss Tobacco International, LLC and VCC Holdings and Management, LLC.

40.     Shlomo Bentov deposited (or instructed others to deposit) revenue from VCC operations into "Boss" accounts including Boss Tobacco International, LLC and Boss Holdings, LLC.  According to Shlomo Bentov, funds held in "Boss" accounts "[came] from manufacture by Virginia Carolina."

41.     Shlomo Bentov used over $860,000.00 of VCC corporate funds during the calendar year 2012 for his personal benefit.  Examples of Shlomo Bentov's personal use of VCC funds include department store purchases, credit card payments, vacations, car payments, tuition payments, child support and/or spousal payments, and other personal expenses as described below:

   a. Payments totaling in excess of $14,000.00 to the Bellagio Hotel and Casino, Las Vegas, Nevada.

   b. Payments totaling in excess of $12,000.00 to the Chabad Hebrew Center.

   c. Payments totaling in excess of $160,000.00 to Crossclaim Defendant Elena Bentov for spousal and/or child support.

   d. Payments totaling in excess of $14,000.00 to the Riviera Preparatory School.

   e. Payments totaling in excess of $17,000.00 to Bongo's Cuban Café.

   f. Payments totaling in excess of $7,000.00 to Mercedes-Benz.

   g. Payments totaling in excess of $7,000.00 to the Ritz-Carlton.

   h. Payments totaling in excess of $15,000.00 to department stores for purchases made at Jimmy Choo, Gucci, Neiman Marcus, Saks Fifth Avenue, Macys, Marshalls and TJ Maxx among other department stores.

      i. ATM withdrawals totaling in excess of $14,000.00.

      j. Checks written to cash from the corporate account of VCC and/or related companies of VCC totaling in excess of $69,000.00.

42. Despite knowing that VCC's federal excise taxes were due and owing, Shlomo Bentov depleted VCC corporate funds for his personal benefit and made no payment towards VCC's tax liability after notice and demand for payment. Several bank accounts containing VCC funds were frequently overdrawn due to withdrawals made for the benefit of Shlomo Bentov.

43. Whether Shlomo Bentov is the alter-ego of VCC is determined under state law. Under Florida law, a corporation's separate identity will be disregarded if it is a "mere instrumentality" of another individual or corporation created to "mislead" or for "fraudulent purposes." Here, VCC was a mere instrumentality of its shareholder and president Shlomo Bentov.

44. Shlomo Bentov dominated and controlled the operations of VCC. Shlomo Bentov made all final decisions regarding VCC's corporate matters and exercised complete control over VCC's finances. As described in paragraph 41 above, Shlomo Bentov used over $800,000.00 of funds from VCC's operations for his personal benefit and to pay his personal expenses.

45. VCC was used for an improper purpose which caused injury to the United States. Shlomo Bento depleted VCC funds while VCC incurred federal excise taxes in excess of $6.5 million and became insolvent. The improper use of the corporate form caused injury to the United States by preventing TTB from collecting the federal excise taxes owed by VCC.

46. As a result of the conduct described in paragraphs 38-42 and 44-45, on or about August 2, 2013, a delegate of the Secretary of the Treasury filed a Notice of Federal Tax Lien against Shlomo Bentov "as the alter ego of Virginia Carolina Corporation" with the Clerk of Miami Dade-County. (A true and correct copy of the Notice of Federal Tax Lien is attached hereto as Exhibit B.)

47. Because Shlomo Bentov is the alter-ego of VCC, the federal tax lien described above attach to all property and rights to property of Shlomo Bentov, including the Subject Property and the United States is entitled to foreclose the lien on the Subject Property in order to collect the outstanding tax liabilities of VCC.

WHEREFORE, the United States of America requests the Court adjudge and decree:

A. That Crossclaim Defendant Shlomo Bentov a/k/a Sam Goodson a/k/a Shlomo Ben-Tov is the alter-ego of Virginia Carolina Corporation, Inc.

B. That by virtue of the assessment identified and described above, the United States has a valid and subsisting statutory lien that attaches to all property and rights to property of Crossclaim Defendant Shlomo Bentov, including the Subject Property.

C. That the statutory lien described above be foreclosed on the Subject Property and that the same be sold pursuant to 26 U.S.C. § 7403 and 28 U.S.C. § 2001 free and clear of the rights of all parties to this action, and that the proceeds from that sale be distributed in accordance with the Court's findings concerning the validity and priority of the parties' interests in said Subject Property.

D. That the United States be awarded its costs incurred in connection with this action, along with such other relief as is just and proper.

                Respectfully submitted,

                KATHRYN KENEALLY
                Assistant Attorney General

By:   */s/ Pascale Guerrier*_____
       Pascale Guerrier
       Trial Attorney, Tax Division
       U.S. Department of Justice
       555 4th Street, N.W., Room 6214
       Washington, D.C.  20001
       Telephone:  (202) 353-1978
       Telecopier:  (202) 514-4963
       E-mail:Pascale.Guerrier@usdoj.gov

Of Counsel:

WIFREDO FERRER
United States Attorney
Southern District of Florida
99 NE 4th Street
Miami, FL 33132
Telephone: (305) 961-9000
Telecopier: (305) 530-7087

15

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 21, 2014, a true and correct copy of the foregoing was filed electronically through the Court's ECF filing system and was served upon the following as indicated below.

FLORIDA COMMUNITY BANK
C/O ROBERT M. CHISHOLM, ESQ.
ROBERT M. CHISHOLM, P.A.
4921 SW 74th COURT
MIAMI, FL  33155
(U.S. mail and email)

ANGELINA FIORENTINO, ESQ.
BAST AMRON, LLP
ATTORNEYS FOR JACQUELINE CALDERIN, TRUSTEE
1 S.E. THIRD AVENUE, SUITE # 1440
MIAMI, FL 33131
(U.S. mail and email)

EDUARDO I. RASCO, ESQ.
MARIN S. SHABSELS, ESQ.
ROSENTHAL ROSENTHAL RASCO KAPLAN, LLC
ONE AVENTURA - SUITE 600
20900 NORTHEAST 30TH AVENUE
AVENTURA, FL 33180
 (U.S. mail and email )

DEBORAH S. CHAMES, ESQ.
HELLER AND CHAMES PA
261 NE 1ST ST # 6
MIAMI, FL 33132
(U.S. mail and email)

AURELIA BENTOV
14200 FARMERS ROAD
PALMETTO BAY, FL 33158
(U.S. mail)

BERENFELD SPRITZER SHECHTER & SHEER, LLP
C/O EMERY SHEER
2525 PONCE DE LEON BLVD # 5
CORAL GABLES, FL 33134
(U.S. mail)

LUIS M. PADRON & ASSOCIATES, P.A.
PADRON & ESTEVEZ-PAZOS, P.L.
135 SAN LORENZO AVENUE, SUITE 650
CORAL GABLES, FL 33146
(U.S. mail and email)


CHRISTY HERTZ, ESQ.
CHRISTY HERTZ PA
90 ALMERIA AVENUE
CORAL GABLES, FL 33134
(U.S. mail and email)

MAJESTIC CATERERS, INC.
C/O VICTOR L. NUNBERG
19501 W. COUNTRY CLUB DR UNIT 1007
 AVENTURA, FL 33180
(U.S. mail)

MAJESTIC CATERERS
C/O STANLEY BERSKINE
55 WESTON ROAD
SUITE 300
FORT LAUDERDALE, FL 33326
(U.S. mail)

H.J.J., INC.
C/O JAMES M ETKIN
360 ALEXANDRA CIRCLE
WESTON, FL 33326
(U.S. mail)

RUBEN D. VALERA
900SW 84TH AVE #512
MIAMI, FL 33144
(U.S. mail)

VILLAGE OF PALMETTO BAY
c/o DEXTER W. LEHTINEN, ESQ.
9705 EAST HIBISCUS STREET
PALMETTO BAY, FL 33157
(U.S. mail)

PLATINUM GOLD ENTERTAINMENT, INC.
C/O GLENN M GOLDKLANK
3917 NORTHWEST 126TH AVENUE
CORAL SPRINGS, FL 33065
(U.S. mail)

ELENA BENTOV
C/O CHRISTY LIEHRTZ, ESQ.
90 ALMERIA AVENUE, SUITE 201
CORAL GABLES, FL 33134
(U.S. mail)

JEFFREY S BERLOWITZ, ESQ.
SIEGFRIED, RIVERA, HYMAN, LERNER,
DE LA TORRE, MARS & SOBEL, P.A.
201 ALHAMBRA CIRCLE, 11TH FLLOR
CORAL GABLES, FL 33134
(U.S. mail and email)

BRENT A. FRIEDMAN, ESQ.
BRENT A. FRIEDMAN, P.A.
1101 BRICKELL AVENUE
 8TH FLOOR SOUTH TOWER
MIAMI, FL 33131
(U.S. mail and email)

WILLIAM K. HILL, ESQ.
JORGE D. GUTTMAN, ESQ.
GUNSTER YOAKLEY & STEWART, P.A.
2 S BISCAYNE BLVD., SUITE 3400
MIAMI, FL 33131
COUNSEL FOR HOWARD ALTERNATIVES, INC.
and SD AROMA LLC
(U.S. mail and email)

By:   */s/ Pascale Guerrier*