## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

|  |  |  |
|---|---|---|
| FLORIDA COMMUNITY BANK, N.A., as successor in interest by merger of Great Florida Bank, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:14-CV-21483-UU |
| v. | ) ) | |
| SHLOMO BENTOV, *et al*, | ) ) | |
| Defendants. | ) ) | |

_____

**PLAINTIFF, FLORIDA COMMUNITY BANK, N.A.'S AMENDED VERIFIED MOTION TO EFFECT SERVICE BY PUBLICATION, AND FOR EXTENSION OF TIME NECESSARY TO COMPLETE SERVICE BY PUBLICATION, UPON DEFENDANTS, SHLOMO BENTOV AND AURELIA BENTOV, AND INCORPORATED MEMORANDUM OF LAW**
**(amended only to reference attached proposed Order as Exhibit "A"**

Plaintiff, Florida Community Bank, N.A., as successor in interest by merger of Great Florida Bank ("Plaintiff"), by and through its undersigned attorneys, and pursuant to Local Rule 7.1 and this Court's Order on Extension of Time [Doc. 64], hereby moves this Court for leave to effect service by publication on Defendants Shlomo Bentov and Aurelia Bentov under Federal Rule of Civil Procedure 4(e)(1), Florida Statutes, §49.011(1), and 28 U.S.C. §1655, and seeks entry of Order permitting same in the form attached hereto as Exhibit "A," and states as follows:

## **BACKGROUND**

1.      Plaintiff, at the outset, notes that several Returns of Service have been filed in this action, evidencing status and progress of Plaintiff's service efforts in this action.[1]

2.      Despite Plaintiff's continued due diligence, and substantial efforts to promptly effect service upon all defendants named in Plaintiff's Complaint, Plaintiff has been forced to request additional time to effect service in this action upon Shlomo Bentov a/k/a Shlomo Ben Tov a/k/a Sam Goodson, and Aurelia Bentov (together, the "Bentovs").

3.      As evidenced by Plaintiff's *Motion for Issuance of Summonses* [Doc. 36], and the resulting issuance [Doc. 37], Plaintiff has sought and obtained issuance of new *Summonses in a Civil Action*, for the following Defendants:

        a.      Shlomo Bentov a/k/a Shlomo Ben Tov a/k/a Sam Goodson;

        b.      Aurelia Bentov; and

        c.      Ruben Valera.[2]

4.      Plaintiff asserts that it has been diligent in its attempts to locate and serve the Bentovs, and states, as Plaintiff's showing of good cause for its requested extension of time to effect service, the following:

        a.      Plaintiff's undersigned counsel shortly following assignment as counsel in this matter, spoke directly with the bankruptcy counsel for Defendant, Shlomo Bentov. In said conversation, bankruptcy counsel noted that he would attempt to obtain agreement for acceptance of service for both Defendant, Shlomo Bentov, and for the wife of said

---

[1]      This action was removed from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida (the "State Court"), by virtue of a *Notice of Removal* [Doc. 1], filed in this Court on April 24, 2014, by Defendant, United States of America.

[2]      As noted previously, Ruben Valera has been physically served with the summons issued by this Court for service upon Mr. Valera, together with a full service package.

Defendant, Aurelia Bentov. While no promise could be made given lack of direct authority and apparent difficulty in reaching the Bentovs, an agreement to undertake this courtesy was offered and accepted. Unfortunately, despite efforts to obtain this ultimate authority, no authority for acceptance of service has been obtained to date.

  b.     Plaintiff, in good faith discussions with counsel for the United States of America ("USA"), further sought agreement with the US to join together in attempting to locate and serve all Defendants not yet served as of the time of removal. Plaintiff even offered to attempt to assist with service of the USA pleading filed as a Counterclaim and Crossclaim. The USA ultimately declined to join efforts to attempt joint service. See e-mail dated June 12, 2014, from Assistant United States Attorney, Pascale Guerrier, previously filed as an attachment to Plaintiff's verified statement [Doc. 44, Exhibit 1].

  c.     Through undersigned counsel's own investigations, and through conversations with counsel for the USA, and conversations with above-referenced bankruptcy counsel, it became clear that there are multiple reports of the Bentovs having left the United States and having relocated at least temporarily to either California or Mexico.

  d.     Through undersigned counsel's further investigations, it is clear that neither Shlomo Bentov nor Aurelia Bentov have provided any forwarding address (es) to the United States Postal Service. Accordingly, the only address provided by the Bentovs as a residential address, is 14200 Farmer's Road, Palmetto Bay, Florida 33158.

  e.     Despite the requirements of Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), Mr. Bentov has further failed to update his pending bankruptcy case (the "Shlomo Bentov Bankruptcy Case") with a filing to provide notice

3

of his current address.  Rather, the sole address provided under penalty of perjury in the schedules filed in Mr. Bentov's bankruptcy case, identifies the address of the collateral at issue as being the residential address.

f.    Plaintiff's counsel, having determined that it is unlikely that the Bentovs will be served at the residential address, accordingly researched process servers with experience in serving the Bentovs.  Through this effort, Plaintiff's undersigned counsel found the process server, Octavio J. Fiol.  The Affidavit of Process Server, Octavio J. Fiol, was previously filed as an attachment to Plaintiff's prior verified statement [Doc. 44, Exhibit 2].

g.    In addition to the foregoing, Plaintiff's undersigned counsel engaged an investigator, Ed O'Donnell, who has worked diligently with undersigned counsel, and with the process served identified above, to determine other potential addresses for physical service.

h.    As noted in the affidavit of Octavio J. Fiol, the Bentovs have historically been very challenging to serve.  Mr. Fiol has further identified to undersigned counsel, several historical required stake-outs needed to ultimately locate the Bentovs.

i.    While repeated diligent efforts have been made to effect personal service, the Bentovs have not been located physically.

j.    Through conversations with counsel for the USA, counsel for the USA has confirmed similar challenges and lack of ability of process servers employed by the USA to date, to locate either of the Bentovs.

k.    To address service upon the Bentovs, the USA has obtained this Court's authority to commence publication notice, and has sought and obtained an extension of

4

time for service.  See *United States Motion to Effect Service by Publication and for Extension of Time Within Which to Serve Process on Defendants Shlomo Bentov and Aurelia Bentov* [Doc. 50] and *Order Granting Motion to Effect Service by Publication and for Extension of Time Within Which to Serve Process on Defendants Shlomo Bentov and Aurelia Bentov* [Doc. 53].

l.     Through efforts of the investigations noted above, undersigned counsel has been able to learn the following additional information:

i.     With respect to the Bentovs, Plaintiff has developed the following additional information:

1.     Boaz Bentov, who may be Shlomo Bentov's father, appears to reside at 1750 James Ave, Apt 7F, Miami Beach FL 33139-7525, and a potential telephone number has been determined.  Service has been attempted at that location and the residents claim they do not know the present location of Shlomo Bentov or Aurelia Bentov.

2.     Geri Bentov (male), who may be Shlomo Bentov's older brother, and who has been associated with some of Shlomo Bentov's business ventures, appears to reside at 10034 SW 77th CT, Miami, 33156-2651, and a potential telephone number has been determined.  Service has been attempted at that location and the residents claim they do not know the present location of Shlomo Bentov or Aurelia Bentov.

3.     Service was also attempted at an additional address developed through Plaintiff's investigation at 7575 NW 70th Street, Miami, FL 33166, without locating the Bentovs.

4.      Upon    information    developed    through    Plaintiff's
investigation, it appears that Shlomo Bentov may have had business
dealings in the Dominican Republic, and may have been charged, indicted,
or deemed a fugitive by the Dominican Republic – although not ultimately
extradited.  According to Court records reviewed from *In the Matter of the*
*Extradition of Shlomo Ben-Tov a/k/a Sam Goodson,* United States District
Court, Southern District of Florida, Case No. 05-22201-civ-Garber,
Shlomo Bentov was once taken into custody by the United States Marshall
Service in anticipation of a possible extradition and then released due to
the ruling by said Court.   While FCB notes that the foregoing is not
offered to suggest any particular wrongdoing, at the very least, FCB
asserts that these records provide good cause for this Court to determine or
allow FCB a reasonable inference that Mr. Bentov has a history and
pattern of international travel, disputes with the United States government,
and other international governments, and may be presumed to be evading
service in this action.

5.      Based upon information determined by the due diligence
and investigation efforts, it appears that Shlomo Bentov likely holds
multiple passports.   Aurelia Bentov, Shlomo's wife further may have
Romanian citizenship, and given the foregoing regarding the whereabouts
of Shlomo Bentov, has proven extremely difficult to physically locate.

6.      As an additional methodology of effecting service, on July
9, 2014, pursuant to the potential application of *Florida Statutes* Section

48.194, Plaintiff sent by Registered Mail, eight separate registered mail service packages with copies of the *Summons in a Civil Action* issued by this Court for Shlomo Bentov and Aurelia Bentov, respectively, a copy of the Plaintiff's *Notice of Lis Pendens,* a copy of the Plaintiff's *Complaint,* a copy of the *Notice of Removal,* and a copy of the *United States Answer with Counterclaim/Cross Claim and Third Party Complaint for Enforcement of Liens.* If ultimately received and acknowledged by signed receipt, same can arguably be deemed effective service under Florida law, as applied to this action under Rule 4.

7. Plaintiff's process server has continued to attempt to effect service at all addresses for the Bentovs determined to potentially exist, and has posted service packages at the Collateral property.

8. Through further investigation, Plaintiff has discovered that on September 10, 2014, the Bentovs have been duly noticed under applicable Bankruptcy law, to be in Miami, Florida, to appear for 2004 Examination proceedings in connection with the Shlomo Bentov Bankruptcy Case; Plaintiff has accordingly made arrangements to have service personnel located at strategic locations in this jurisdiction to effect service upon the Bentovs at or near that time. The foregoing having been stated, this Court has noted the potential that this service effort may not ultimately be successful, and has further deemed Plaintiff's efforts (if not successful in this regard) likely futile.

9.      Plaintiff has further now filed a *Creditor's Motion to Compel the Debtor to File a Notice of Change of Address with the Court or, in the Alternative, to Provide his Current Address to Creditor*, in the Shlomo Bentov Bankruptcy Case, seeking to compel Shlomo Bentov to provide an updated residential address.  Plaintiff has asserted that this is significant, due to the dual impact of an updated residential address providing Plaintiff an opportunity to address physical service at such address and additionally allowing Plaintiff to proceed with service under rule 4(f) *Federal Rules of Civil Procedure*, which governs service of individuals in a foreign country, and states, in part:

> "Unless federal law provides otherwise, an individual ... may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."

10.      Plaintiff has made substantial efforts to locate the Bentovs, through interviewing neighbors to the Collateral, and interviewing counsel involved in the Shlomo Bentov Bankruptcy Case; however, it appears that the Bentovs are actively avoiding being located for service.  In further support of this reasonable belief, counsel for the USA and counsel for the Bankruptcy Trustee have both confirmed that Shlomo Bentov, in testimony taken in the Shlomo Bentov Bankruptcy Case refused under

oath to identify an address in Mexico where he and his wife, Aurelia Bentov, are currently located or residing.

5.    By operation of Rule 4(m), *Federal Rules of Civil Procedure*, and pursuant to applicable law relating to the event of removal, Plaintiff has previously asserted that the 120 day time provided for under Rule 4(m), *Federal Rules of Civil Procedure* did not begin to run until the actual day of the removal. Based upon this calculation, the time for service under the ordinary 120-day window would otherwise have ended on August 22, 2014. See *Eccles v. National Semiconductor Corp.*, 10 F. Supp. 2d 514, 519 (D. Md. 1998); see also *Bruley v. Lincoln Property Co., N.C., Inc.*, 140 F. R. D. 452 (D. Colo. 1991).

6.    Given the foregoing, and the distinct possibility that the Bentovs were and are currently residing at an unknown location in Mexico, Plaintiff previously filed its *Supplemental Verified Showing of Good Cause and Motion to Extend Time for Service of Complaint through October 21, 2014* (Doc. 62), which the Court partially granted in its *Order on Extension of Time* [Doc. 64].

7.    The Order on Extension of Time, while granting Plaintiff an extension of time to effect service on the Bentovs through September 22, 2014, indicated that further extension would not be granted if Plaintiff did not pursue service of the Bentovs by publication.

8.    Plaintiff accordingly files the instant motion pursuant to the Court's findings and directives.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order in the form attached hereto as Exhibit "A" granting Plaintiff leave to effect service by publication upon the Bentovs and extend the time for service as necessary to permit the publication of an Order granting this motion in a newspaper of general circulation in Miami-Dade County at a frequently

of once a week for six (6) consecutive weeks, pursuant to 28 U.S.C §1655, and other applicable law.

## MEMORANDUM OF LAW

With respect to the Bentovs, Plaintiff seeks to serve them by publication because it appears they no longer reside at the subject property, and Plaintiff has exhausted reasonable attempts to effect personal service of the Complaint upon them.

Rule 4, *Federal Rules of Civil Procedure*, provides for the manner to affect service of process, which may be made; *inter alia*, pursuant to the law of the state in which the district court is located. *Fed.R.Civ.P. 4(e)(1)*. Florida law permits service of process by publication in any action to enforce any legal or equitable lien on any interest in property within the jurisdiction of the court. *Fla. Stat. § 49.011(1)*. When personal service of process cannot be made after diligent efforts, service of process by publication may be made upon any party. *Fla. Stat. § 49.021(1)*.

Federal law further provides that when a party seeks "to enforce a lien upon or claim to, or to remove any encumbrance or lien or cloud upon the title to, real or personal property within the district," the Court may "order the absent defendant to appear or plead by a day certain." 28 U.S.C. § 1655. "Where personal service is not practicable, the order shall be published as the court may direct, not less than once a week for six consecutive weeks." *Id*. Service by publication pursuant to 28 U.S.C. § 1655, is appropriate in a situation such as the instant case in which Plaintiff does not seek a personal judgment against the defendants to be served by publication. *See Harrison v. Prather*, 404 F.2d 267, 269 (5th Cir. 1968) ("Section 1655, however, is intended to afford relief against property and not to an *in personam* judgment against

10

the nonresident defendant"). *See also Thompson v. Adams*, 685 F. Supp. 842, 845 (M.D. Fla. 1988) (service by publication does not preclude an adjudication affecting only real property). Moreover, service by publication is also appropriate when a defendant cannot be located or is concealing his or her whereabouts. *Auto-Owners Ins. Co. v. Emerald Star Casino & Resorts, Inc.*, 2010 WL 118210 (M.D. Fla. 2010).

In the instant case, despite Plaintiff's repeated diligent efforts to effect personal service upon the Bentovs, Plaintiff has been unable to serve the Bentovs at their Miami home or at any other location in the United States. Therefore, Plaintiff requests that this Court order the Bentovs to appear or plead by a date certain, which order shall appear in a newspaper of general circulation in Miami-Dade County, Florida, at a frequency of once a week and for a duration of six (6) weeks. Service by publication is warranted here because the Bentovs' whereabouts are unknown, the Plaintiff has exhausted reasonably diligent efforts to effect personal service upon the Bentovs, and Plaintiff only seeks relief in this case affecting real property such that service by publication would be appropriate.

Pursuant to this Court's *Order on Extension of Time* [Doc. 64], the deadline for Plaintiff to effect service on the Bentovs is September 22, 2014, and the deadline for Plaintiff to seek leave of Court to effect service by publication is August 29, 2014. Accordingly, Plaintiff is timely filing the instant motion and seeks an additional extension of time for service as necessary to permit the publication of an Order granting this motion in a newspaper of general circulation in Miami-Dade County at a frequently of once a week for six consecutive weeks, pursuant to 28 U.S.C §1655.

## CONCLUSION

For the reasons stated, Plaintiff respectfully requests that the Court issue an order to allow service on defendants Shlomo Bentov and Aurelia Bentov by publication pursuant to 28 U.S.C. § 1655, Rule 4(e)(1) of the *Federal Rules of Civil Procedure* and Section 49.011(1), *Florida Statutes*, and other applicable law, and to further enlarge the September 22, 2014, deadline within this Court's *Order on Extension of Time* to enable Plaintiff to effect service by publication upon the Bentovs for the six (6) consecutive weeks required for publication of this Order pursuant to 28 U.S.C. § 1655.  A proposed Order is attached hereto as Exhibit "A," pursuant to Local Rule 7.1(a)(2).

## CERTIFICATE OF GOOD FAITH

During good faith conferences, undersigned counsel has previously provided updates and requested any additional intelligence known to all parties.  Undersigned counsel has indicated that motions for extension of time, and to address service issues, could ultimately be required; no objections to same have been expressed by any of the parties.  Further, Counsel for the USA previously filed a motion seeking substantially the same relief as Plaintiff seeks in the instant motion, to which Plaintiff consented.  Plaintiff accordingly requests that this Honorable Court grant the relief sought by Plaintiff in this motion.

DATED:  September 4, 2014.

Undersigned counsel states under oath, that the foregoing is true and correct to the best of undersigned counsel's knowledge after due investigation and inquiry.   Undersigned counsel further states that Plaintiff has conducted its efforts with due diligence, and that no delay in service has been the fault of Plaintiff or Plaintiff's counsel.   Undersigned counsel believes the foregoing facts constitute good cause for the relief sought herein.

**SCOTT R. LILLY, ESQUIRE**
Florida Bar No. 0119245
**GREENSPOON MARDER, P.A.**
401 E. Jackson Street, Suite 1825
Tampa, Florida 33602
Telephone: (813) 769-7020
Facsimile: (813) 426-8585
Primary email: scott.lilly@gmlaw.com
Secondary email: ruth.fuller@gmlaw.com
*Attorneys for Plaintiff, Florida Community Bank, N.A.*

**State of Florida**
**County of Hillsborough**

Sworn to and subscribed before me this 3rd day of September, 2014, by Scott R. Lilly, Esquire.

> SHAKENA L. LESTER
> Notary Public - State of Florida
> My Comm. Expires Nov 11, 2017
> Commission # FF 069526

_____
(Signature of Notary Public - State of Florida)

Shakena L Lester
_____
(Print, Type, or Stamp Commissioned Name of Notary Public)

Personally Known ____✓____ OR

Produced Identification _____

13

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 4, 2014, a true and correct copy of the foregoing was filed electronically through the Court's ECF filing system, was served electronically upon all parties registered for service in this action through the Court's ECF system, and was further served upon the following by First Class U.S. Mail and/or by electronic means as indicated below:

KATHRYN KENEALLY
Assistant Attorney General
PASCALE GUERRIER
Trial Attorney, Tax Division
U.S. Department of Justice
555 4th Street, N.W., Room 6214
Washington, D.C. 20001
Email:  Pascale.Guerrier@usdoj.gov

WIFREDO FERRER
United States Attorney
Southern District of Florida
99 NE 4th Street
Miami, FL 33132
Email: usafls.2410@usdoj.gov

ROBERT M. CHISHOLM, ESQ.
Robert M. Chisholm, P.A.
4921 SW 74th Court
Miami, FL  33155
Email: rmc@chisholmlaw.com

ANGELINA FIORENTINO, ESQ.
Bast Amron, LLP
Attorneys for Jacqueline Calderin, Trustee
1 S.E. Third Avenue
Suite # 1440
Miami, FL 33131
Email:  afiorentino@bastamron.com

EDUARDO I. RASCO, ESQ.
MARIN S. SHABSELS, ESQ.
STEPHEN AUSTIN CARR, ESQ.
Rosenthal Rosenthal Rasco Kaplan, LLC

14

One Aventura - Suite 600
20900 Northeast 30th Avenue
Aventura, FL 33180
Email: eir@rrrklaw.com
Email: ac@rrrklaw.com

DEBORAH S. CHAMES, ESQ.
Heller and Chames, PA
261 NE 1st Street, # 6
Miami, FL 33132
Email: DChames@klugerkaplan.com

AURELIA BENTOV
14200 Farmers Road
Palmetto Bay, FL 33158

BERENFELD SPRITZER SHECHTER & SHEER,
LLP
C/O BRENT A. FRIEDMAN, ESQ.
BRENT A. FRIEDMAN, P.A.
1101 Brickell Avenue, 8th Floor
South Tower
Miami, FL 33131-2385
Email: brent@brentafriedman.com
Email: brentafriedman@yahoo.com


LUIS M. PADRON & ASSOCIATES, P.A.
PADRON & ESTEVEZ-PAZOS, P.L.
135 San Lorenzo Avenue, Suite 650
Coral Gables, FL 33146
Email: lmpadron@padronlaw.com
Email: MEstevez-Pazos@padronlaw.com

CHRISTY HERTZ, ESQ. Christy Hertz, PA
90 Almeria Avenue
Coral Gables, FL 33134
Email: chertz@christyhertz.com

MAJESTIC CATERERS, INC.
C/O Stanley B. Erskine, Esq.
Law Offices of Erskine & Fleisher
Suite 100
1351 Sawgrass Corporate Parkway
Sunrise, FL 33323
Email: Stanley_Erskine@EFLaw.net

H.J.J., INC.
MAJESTIC CATERERS
C/O Stanley B. Erskine, Esq.
Law Offices of Erskine & Fleisher
Suite 100
1351 Sawgrass Corporate Parkway
Sunrise, FL 33323
Email: Stanley_Erskine@EFLaw.net

RUBEN D. VALERA
900 SW 84th Ave, #506
Miami, FL 33144

VILLAGE OF PALMETTO BAY
c/o DEXTER LEHTINEN, ESQ.
CLAUDIO RIEDI, ESQ.
LEHTINEN SCHULTZ RIEDI
CATALANO de la FUENTE PLLC
1111 Brickell Avenue, Suite 2200
Miami. FL 33131
Email: dlehtinen@lsrcf.com
Email: criedi@lsrcf.com

PLATINUM GOLD ENTERTAINMENT, INC.
MAJESTIC CATERERS
C/O Stanley B. Erskine, Esq.
Law Offices of Erskine & Fleisher
Suite 100
1351 Sawgrass Corporate Parkway
Sunrise, FL 33323
Email: Stanley_Erskine@EFLaw.net

ELENA BENTOV
JAVIER BANOS, ESQ.
LAW SERVICES, P.A.
3126 Coral Way
Miami, FL 33145
Email: jbanos@msn.com
Email: lawservicespa@gmail.com

JEFFREY S. BERLOWITZ, ESQ.
SIEGFRIED, RIVERA, HYMAN, LERNER,
DE LA TORRE, MARS & SOBEL, P.A.
201 Alhambra Circle, 11th Floor
Coral Gables, FL 33134

16

Email: jberlowitz@srhl-law.com

BRENT A. FRIEDMAN, ESQ.
BRENT A. FRIEDMAN, P.A.
1101 Brickell Avenue, 8th Floor
South Tower
Miami, FL 33131-2385
Email: brent@brentafriedman.com
Email: brentafriedman@yahoo.com

MICHAEL GREEN, ESQ
WILLIAM K. HILL, ESQ.
JORGE D. GUTTMAN, ESQ.
GUNSTER YOAKLEY & STEWART, P.A.
2 S. Biscayne Blvd., Suite 3400
Miami, FL 33131
Counsel for Howard Alternatives, Inc.
and SD Aroma LLC
Email: MGreen@gunster.com
Email: WHill@gunster.com
Email: JGuttman@gunster.com

_/s/ Scott R. Lilly_
**ATTORNEY**